David M. KIECHLE, Appellant,

v.

John A. DRAGO, Respondent,

and

Ken Lamming, Defendant.

No. WD 36157.

Missouri Court of Appeals,
Western District.

July 9, 1985.

Michael J. Svetlic and Dennis C. Eckold, Kansas City, for appellant; Duggan, Keleher & Svetlic, Kansas City, of counsel.

Michael E. Curley and William T. Smith, III, Kansas City, for respondent; Watson, Ess, Marshall & Enggas, Kansas City, of counsel.

Before NUGENT, P.J., and PRITCHARD and CLARK, JJ.

PRITCHARD, Judge.

Plaintiff, the owner of a 1969 Intermeccanica Italia sports car, damaged its front end in a collision with a telephone pole. He saw defendant Drago's advertisement in the newspaper for vintage car restoration including "Refinish in Lead if Desired" which plaintiff believed was necessary to restore the car properly. He then had the car towed (about May, 1980) to Drago's shop at 55th and Prospect in Kansas City, where Drago told him he would need a week to look at it in order to make an estimate for repair. A week later, plaintiff returned and Drago told him to fix the car "he couldn't guarantee it exactly but he said between six thousand and seventy-five hundred dollars and I asked him why the fifteen hundred dollar difference * * *." Drago told him that was to cover any extra rust they found in the car, and that he was going to bill him at $20 an hour which would work out to the $6,000 and if anything extra had to be done it would work up to $7,500. Plaintiff paid Drago $135.00 for towing and research material costs, and subsequently and apparently through May 11, 1981, paid a total of $10,884.05 to Drago on the cost of repairs. Sometime thereafter, defendant Lamming, was brought in to complete the repairs on the "nose", and plaintiff paid him $900 on the bill to complete the nose, and Lamming demanded an additional $2000.

In an amended petition plaintiff sued Drago in Count I in fraud, alleging that representations made by Drago regarding his ability to repair the car for the estimated amounts were false; in Count II for fraud under the Merchandising Practices Act, § 407.020, RSMo 1978; and in Count III for breach of contract for failure to repair the car for $10,000, which amount was alleged to be a modification of the agreement. The trial court, after evidence, dismissed these three counts, and plaintiff appeals only the dismissal of Counts I and II, and presents no issue as to the dismissal of the contract claim under Count III.

Plaintiff had judgment in replevin against Lamming in which the jury fixed his damages at $10,000, and denied Lamming's counterclaim for damages. No issues are presented as to these aspects of the case.

In Point I, plaintiff attacks the trial court's dismissal of his Count II claim for damages under the Merchandising Practices Act, § 407.020. That section provides "The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression, or omission of any material fact with intent that others rely upon any concealment, suppression or omission, in connection with the sale or advertisement of any merchandise, is declared to be an unlawful practice; * * *." Section 407.010(4) defines "merchandise" to include services. The statute was construed in *State ex rel. Danforth v. Independence Dodge, Inc.*, 494 S.W.2d 362, 368[7–9] (Mo.App.1973), wherein it was held that the purpose "is to supplement the definitions of common law fraud in an attempt to preserve fundamental honesty, fair play and right dealings in public transactions. In order to give broad scope to the statutory protection and to prevent ease of evasion because of overly meticulous definitions, many of these laws such as the Missouri statute 'do not attempt to define deceptive practices or fraud, but merely declare unfair or deceptive practices unlawful ...' Commerce Clearing House, Poverty Law Rep., Vol. 1, ¶ 3200, leaving it to the court in each particular instance to declare whether fair dealing has been violated." In *Independence Dodge*, however,

there was very substantial evidence that defendant was guilty of fraud in its practices of turning back odometers on automobiles, in deception by misrepresenting to customers the prior use to which vehicles had been put, and their conditions, hence the remedial injunctive under § 407.100 was appropriate. In *State ex rel. Ashcroft v. Marketing Unlimited,* 613 S.W.2d 440 (Mo.App.1981), the facts clearly established the use of false promises and deception in connection with the series of sales to several individuals of distributorships of "cactus eggs" and mint candy, held to make defendant subject to the Act, and also to make the individual defendants personally liable. It was noted at page 447 that it was not the person's intent that is determinative of the applicability of the remedial provisions of Chapter 407, but rather that the defendants' conduct constituted unfair practices.

■ In this case, there was no evidence that Drago made any false promise or practiced any deception with respect to his ability to restore plaintiff's vehicle. Indeed, the evidence shows that he undertook to repair it, although the work was slowly done. There was no evidence of a course of conduct on Drago's part that would amount to fraud or deception. Significant is the fact, according to plaintiff's amended pleading of Count III (breach of contract), and in Count I (for fraud), the parties agreed to increase the contract price for repairs to $10,000. All the evidence here shows is a breach of contract by Drago to complete the repair and restoration of the car according to plaintiff's direction, which claim was dismissed by the trial court, and which plaintiff did not pursue on appeal, so it must be deemed to have been abandoned.

■ In Point II, plaintiff contends that the court erred in dismissing his Count I action for fraud. The elements of fraud are set forth in *Sofka v. Thal,* 662 S.W.2d 502, 506[2] (Mo. banc 1983), citing *Ackmann v. Keeney-Toelle Real Estate Co.,* 401 S.W.2d 483, 488 (Mo. banc 1966). Two of these elements are 1) a representation, and 2) its falsity. Although Drago did represent to plaintiff that he could repair the car to plaintiff's specifications, there is

no evidence that the representation was false. Nor was there any evidence that Drago's promise to repair the automobile was accompanied by a present intent not to perform which would be a misrepresentation of present state of mind, itself an existing fact, sufficient to constitute actionable fraud. *Sofka,* at page 507[5, 6], citing *White v. Mulvania,* 575 S.W.2d 184, 188 (Mo. banc 1978), and Restatement (Second) of Torts § 530 [Comment (d)], of which states, "[T]he intention of the promisor not to perform an enforceable or unenforceable agreement cannot be established solely by proof of its nonperformance, nor does his failure to perform the agreement throw upon him the burden of showing his nonperformance was due to reasons which operated after the agreement was entered into." In the *Sofka* case, and *White v. Mulvania,* supra, the appeals turned upon the sufficiency of the allegations of fraud. So also in *Brennaman v. Andes & Roberts Brothers Const. Co.,* 506 S.W.2d 462, 465[5] (Mo.App.1973). Note that the second appeal of *White v. Mulvania* was affirmed for defendant after presentation of evidence at trial, in *In Re Estate of Bennett v. Mulvania,* 618 S.W.2d 280 (Mo.App. 1981). Here Counts I and II were dismissed by the trial court after the presentation of plaintiff's case, and the trial court did not err in that ruling.

The judgment is affirmed.

All concur.