In the Interest of J.D.B.
& J.A.B., Minors.

N.L.W., Natural Mother and Next
Friend, Respondent,

v.

F.R.B., Natural Father, Appellant.

No. WD 45397.

Missouri Court of Appeals,
Western District.

Aug. 25, 1992.

Carl William Bussey, Kansas City, for appellant.

Gary L. Leftridge, Kansas City, for respondent.

Before KENNEDY, P.J., and SPINDEN and SMART, JJ.

KENNEDY, Presiding Judge.

Mother had judgment against father in paternity proceeding under the Uniform Parentage Act § 210.817–210.852, RSMo. Supp.1991, for child support of $753 per month for two children; child support retroactive to date of filing petition in total amount of $6,777; and $2,500 attorney's fees. Father appeals.

Father's first point is that the court had no jurisdiction to render the judgment. The suit was filed and tried, and judgment was rendered, in Jackson County Circuit

Court. Plaintiff mother and children lived in Chariton County. Father lived in Platte County and was served with process there.

Jackson County was the wrong venue for the lawsuit. The suit should have been brought in a county where either father, mother, or children lived, or where the father could be found (for the service of process). Section 210.829.4, RSMo Supp. 1991. Father, however, did not raise improper venue in his answer or by motion within the time allowed for responding to mother's petition, see Missouri Supreme Court Rule 55.27(a). Having failed so to raise an objection to venue, father waived the point. Supreme Court Rule 55.27(g). His motion to dismiss for want of venue, made during trial at the close of plaintiff's evidence, came too late. *Crouch v. Crouch*, 641 S.W.2d 86 (Mo. banc 1982).

Father claims also that the court did not have "jurisdiction" to render the judgment against him. This argument is based on the improper venue, and father cites *State ex rel. Lineback v. Williams*, 787 S.W.2d 334 (Mo.App.1990), where it was held in a motion to modify child custody, filed in the wrong venue, that the court had no personal jurisdiction over the defendant, even though defendant was personally served with process in Missouri. The defendant in *Lineback*, however, in response to the motion to modify, had filed a motion to quash service of process and a motion to dismiss the motion to modify. She did not file an answer, enter her general appearance, and participate in the trial, as the defendant did in this case. *See, State ex rel. Boll v. Weinstein*, 365 Mo. 1179, 295 S.W.2d 62, 66 (1956).

Father claims the court failed to follow Missouri Supreme Court Rule 88.01 and Missouri Civil Procedure Form 14 in fixing the amount of child support payable by him. Father's claim of error assumes his gross income was $3,000 per month and the mother's income was $737 per month. The total child support would in that case be $802 per month, with 80 percent—or $641.60—payable by father. There was evidence, though, which the court was at liberty to accept, that father's income was considerably above $3,000 per month. There was also evidence which would have justified an award greater than $753 per month under Supreme Court Rule 88.01 and Civil Procedure Form 14. Father's complaint is not well founded and is rejected.

Father complains the retroactive child support award failed to give him credit for amounts paid to mother during the nine-month period covered by the award. The father is correct on this point. Mother testified that father made payments to her of $50 every two weeks during this period, and raised these bi-weekly payments to $60 at some point. Father testified he had paid mother $150 to $250 per month during the nine-month period. The court on remand should credit father with the amount he paid, as the court determines from the evidence.

Father complains of the award of $2,500 for attorney's fees to mother, on the ground that the evidence did not show its reasonableness or the ability of father to pay it. Section 210.842, RSMo Supp.1991, provides for reasonable attorney's fees in an action brought under the Uniform Parentage Act. The trial court is an expert on attorney's fees. *Sebree v. Rosen*, 393 S.W.2d 590, 599 (Mo.1965). "The setting of such a fee is in the sound discretion of the trial court and should not be reversed unless the amount awarded is arbitrarily arrived at or is so unreasonable as to indicate indifference and a lack of proper judicial consideration." *Nelson v. Hotchkiss*, 601 S.W.2d 14, 21 (Mo. banc 1980). The trial court may determine the amount of attorney's fees without the aid of evidence. *Sebree*, 393 S.W.2d at 599 (quoting *Agnew v. Johnson*, 352 Mo. 222, 176 S.W.2d 489 (1943)). The court had before it plaintiff's detailed time records. The $2,500 award is well within the trial court's discretion.

The case is remanded for the trial court to determine from the evidence the amount of credit defendant father is entitled to on judgment for retroactive child support, and

for entry of a new judgment. Otherwise the judgment is affirmed.

All concur.