**SUNSET POOLS OF ST. LOUIS, INC., Appellant,**

v.

**Paul SCHAEFER, Respondent.**

No. 62758.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 1, 1994.

W.W. Sleater, Kirkwood, for appellant.

Daniel R. Sokol, and Donna Aronoff Smith, St. Louis, for respondent.

AHRENS, Judge.

Plaintiff Sunset Pools of St. Louis, Inc. (seller) appeals the judgment of the trial court finding for defendant Paul Schaefer (purchaser) on seller's petition and awarding purchaser $5,745.86 on purchaser's counterclaim. We affirm in part and reverse and remand in part for retrial on the issue of damages.

Purchaser went to seller's store to look at spas on display. Seller took purchaser back to the warehouse and showed purchaser a spa that was three years old and had been used as a display model. Purchaser agreed to buy the spa on a payment plan for $3,589.36 and arranged to have the spa delivered to purchaser's home when all the payments were made.

Purchaser made payments on the spa as scheduled. When the outstanding balance was $1,300.00, purchaser arranged to have the spa delivered to his home C.O.D. Seller personally delivered the spa to purchaser's home and attempted the installation. Seller claims he was unable to get the spa working on the day of delivery because purchaser had not wired the room for 220V electricity. Purchaser claims the spa did not work because the control buttons were sticking. Purchaser gave seller a check for $1,000.00 the day the spa was delivered, but stopped payment on the check two days later. Purchaser eventually paid seller $1,000.00, but purchaser has not paid the remaining $300.00.

Purchaser repeatedly complained about the control buttons sticking and water leaking into the control panel. Seller sent several repairmen to purchaser's home to service the spa. The repairmen corrected the problems by adjusting the controls, but, the problems reappeared. Experts testified at trial that the problems were not unusual and were probably caused by keeping the water level too high in the spa and by improper maintenance. Purchaser claims the spa has never worked properly and that he no longer uses the spa.

The parties also disagree about the status of the warranty on the spa. Warranty registration consists of two parts: a warranty registration card which is found in the owner's manual and sent to the manufacturer by the purchaser and a three part warranty activation form which is completed and sent to the manufacturer by the seller. Purchaser claims he was never provided any warranty material. Seller claims purchaser was given the owner's manual and the warranty registration card when the spa was delivered to purchaser's home. Seller, however, admits he never completed nor sent to the manufacturer the three part warranty activation form. Seller's policy is to activate the warranty when the merchandise is paid for in full. Purchaser bought a spa that included a one year manufacturer's warranty on the equipment which began to run the day the spa was delivered. Because seller would not activate the warranty until the spa was paid for in full and because purchaser still owes $300.00, purchaser never received the now expired warranty.

Seller filed a petition in small claims court seeking to collect from purchaser the $300.00 balance due on the spa. In response, purchaser filed a counterclaim alleging counts of breach of contract, fraudulent misrepresentation, and unlawful merchandising practice pursuant to § 407.025 RSMo (1986).[1] The trial court entered judgment for purchaser on seller's petition and for purchaser on purchaser's counterclaim. Purchaser was awarded $3,289.36 in actual damages, $100.00 in punitive damages, and $2,356.50 for attorney's fees. Seller appeals the decision of the trial court.

Seller contends in its first point on appeal that the trial court erred in finding judgment for purchaser on seller's cause of action for breach of contract. Seller argues that purchaser was prevented from raising the defense of fraud in seller's action for the price because payment is a condition precedent to delivery. Seller cites sections of the Uniform Commercial Code to support its argument.

1. All references to statutes are to RSMo 1986 unless otherwise stated.

Our standard of review is well settled: a trial court's judgment will be sustained on appeal "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Since neither party requested detailed findings of fact by the trial court, we "must assume that all fact issues were found in accordance with the result reached." Rule 73.01(a)(2); *Nahn v. Soffer*, 824 S.W.2d 442, 444 (Mo.App.1991) (quoting *Jensen v. Borton*, 734 S.W.2d 580, 584 (Mo.App.1987)). Furthermore, we give deference to the trial court who determined the credibility of witnesses and the weight to be given their testimony. *Snowden v. Gaynor*, 710 S.W.2d 481, 483 (Mo.App.1986).

We find the trial court's judgment for purchaser on seller's petition to be supported by the law and the evidence. It is well established that one who seeks to recover damages as the result of a breach of mutual contract must first allege and prove that he has performed or offered to perform as required by the contract. *Tony Thornton Auct. Serv. Inc. v. Quintis*, 760 S.W.2d 202, 204–05 (Mo.App.1988). In this case, seller failed to deliver a spa in working order and failed to cure the defects. Purchaser testified that he has had problems with the spa control buttons from the day the spa was delivered and that each of seller's attempts to correct the problem were unsuccessful. Furthermore, seller never issued purchaser a warranty and does not plan to issue a warranty until purchaser has completely paid for the spa. Because more than one year has passed since the spa was delivered to purchaser's home, the warranty on the equipment is now expired. Purchaser testified that he would not have purchased the spa if he knew he was not going to receive the manufacturer's warranty. The trial court could have reasonably determined that seller failed to prove that it performed or offered to perform its obligations under the contract and was thus prevented from bringing its action.

Seller relies on *El Paso Milling Co. v. Davis*, 183 S.W. 361 (Mo.App.1916) in stating that purchaser is estopped from alleging non-performance on seller's part. *El Paso* dealt with a contract for the sale of onion crates. Manufacturer sent farmer onion crates which were smaller than the industry standard. Farmer did not learn of this defect until almost all of the crates had been filled and sent to the market. The court held that farmer was estopped from alleging non-performance by the manufacturer because farmer accepted and used the crates. *Id.* at 363. *El Paso* is not applicable here. Purchaser testified that he was unable to use the spa and that he does not want the spa. Purchaser has not accepted and used the spa. Point denied.

Seller claims in its second point that the trial court erred in awarding purchaser actual damages of $3,298.36 in that purchaser never proved any damages. We agree.

Count III in purchaser's counterclaim plead a cause of action under the Merchandising Practices Act, Section 407.010 *et seq.* RSMo. This act makes it unlawful to use "any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce." § 407.020. In addition, the act creates a civil cause of action for "any person who purchases or leases goods or services primarily for personal, family, or household purposes and thereby suffers an ascertainable loss of money or property ... as a result of the use or employment by another person of a method, act or practice declared unlawful." § 407.025.

The record supports a finding that seller has committed unlawful merchandising practices. Purchaser testified that he was never told that the spa he purchased was three years old or that it had been used as a display model. Purchaser thought he was buying a new spa; instead, he received a three year old spa that had a warped control plate and buttons that did not work. Seller claims purchaser was told that the spa had been a display model and was given a $500.00 discount for that reason; none of the sale transaction papers, however, indicate a discount because the spa was a display model.

When faced with conflicting testimony, we defer to the trial court's opportunity to personally observe the contradictory witnesses. *State ex rel. Danforth v. Independence Dodge, Inc.*, 494 S.W.2d 362, 368 (Mo.App. 1973). Furthermore, purchaser thought he was buying a spa that included a manufacturer's warranty. Instead, seller's company policy prevented purchaser from having the now expired warranty. The evidence was sufficient to support a finding that seller's actions constituted unlawful merchandising practices.

■ In addition to creating a cause of action for unlawful merchandising practices, section 407.025 authorizes the court to award actual damages, and the court may, in its discretion, award punitive damages, attorney's fees, and such equitable relief as it deems necessary or proper. Although no Missouri cases outline the method the court should use in determining actual damages in an unlawful merchandising practices case, we take guidance from similar causes of action. The purpose of the Merchandising Practices Act is to supplement the definitions of common law fraud in an attempt to preserve fundamental honest, fair play and right dealings in public transactions. *Danforth* at 368. Therefore, we shall refer to the remedies for common law fraud.

■ Courts of this state apply the benefit of the bargain rule to determine the damages in cases of fraud or deceit where the parties have not elected to rescind the contract and seek restitution. *Heberer v. Shell Oil Co.*, 744 S.W.2d 441, 443 (Mo. banc 1988). The benefit of the bargain rule allows a defrauded party to be awarded the difference between the actual value of the property and what its value would have been if it had been as represented. *Id.* The damages are measured at the time of the transaction. *Id.* After reviewing the record, we find no evidence reflecting the actual value of the spa on the date of the transaction. The only value indicated is the price purchaser paid for the spa. This is not the proper measure of damages. The trial court awarded purchaser $3289.36 in actual damages, an amount equivalent to what purchaser paid seller. This assessment is in error. We

remand this cause on the issue of damages only.

Seller claims in its third point on appeal that the trial court erred in entering judgment for purchaser because it is against the weight of the evidence. Specifically, seller argues that allegations listed in purchaser's counterclaim were not proved. As stated before, a thorough review of the record created at trial reveals sufficient evidence to support the judgment. Point denied.

Seller's fourth point on appeal claims the trial court erred in entering judgment for purchaser because purchaser was not required to elect between alternative causes of action. Election of remedies must be pleaded or raised by a motion to strike or by a motion to elect at the close of evidence. *Steinberg v. Fleischer*, 706 S.W.2d 901, 907 (Mo.App.1986). If the objection is not raised, then the right to an election is waived. *Id.* Seller raises its objection for the first time on appeal; the objection was waived. Point denied.

Seller challenges the trial court's award of attorney's fees in its final point on appeal. Seller argues that the award of attorney's fees was excessive and not allowed in two out of three of the counts raised in the counter claim.

We have found sufficient evidence to support a judgment for purchaser under the Merchandising Practices Act. This act allows for recovery of attorney's fees. § 407.-025. The trial judge is an expert on attorney's fees. *In re Interest of J.D.B.*, 836 S.W.2d 520, 521 (Mo.App.1992). "The setting of such a fee is within the sound discretion of the trial court and should not be reversed unless the amount awarded is arbitrarily arrived at or is so unreasonable as to indicate indifference and a lack of proper judicial consideration." *Id.* (quoting *Nelson v. Hotchkiss*, 601 S.W.2d 14, 21 (Mo. banc 1980)). Purchaser presented records indicating the time spent preparing for this case. The court's award for attorney's fees is not arbitrary or unreasonable. Point denied.

Purchaser filed a motion for attorney's fees on appeal. This motion was taken with the case. An award for attorney's fees as

authorized by section 407.025 is discretionary. Purchaser's motion for attorney's fees is denied.

The judgment is affirmed in part and reversed as to damages only and the cause is remanded for retrial on the issue of damages.

GRIMM, P.J., and CARL R. GAERTNER, J., concur.