**T.J. SCHOENLEIN, Delora Hunter Douglas Bice and Cynthia Bice, Respondents,**

v.

**ROUTT HOMES, INC., Appellant.**

**No. ED 89955.**

Missouri Court of Appeals, Eastern District, Division Five.

Aug. 19, 2008.

David Streett, St. Louis, MO, for appellant.

Daniel McLaughlin, Kirkwood, MO, for respondents.

NANNETTE A. BAKER, Judge.

### Introduction

Routt Homes, LLC ("Defendant") appeals from a judgment in favor of T.J. Schoenlein, Delora Hunter, Douglas Bice and Cynthia Bice (jointly, "Plaintiffs") in the Circuit Court of St. Charles County. Defendant argues that the trial court erred in finding in favor of Plaintiffs because Plaintiffs failed to prove they suffered an ascertainable loss of money or property. We find that the trial court erred in its assessment of damages and remand for retrial on the issue of damages only.

### Factual and Procedural Background

T.J. Schoenlein and Delora Hunter purchased a home from Routt Homes, LLC ("Defendant"). They entered into a purchase contract with Defendant on December 13, 2003, and closed on the home on August 5, 2004. On March 17, 2005, Douglas and Cynthia Bice entered into a purchase contract with Defendant for a home and closed on May 16, 2005.

Plaintiffs' purchase contract with Defendant included a warranty provided by the 2–10 Home Warranty Corporation. However, the paperwork for the warranty was not provided at the closings and Plaintiffs did not receive a warranty. In fact, at the time the purchase contracts were signed, Defendant was no longer enrolled in the 2–10 Warranty program and not able to provide Plaintiffs with warranties.

At closing, Plaintiffs received promotional literature about the 2–10 Warranty, which led them to believe they were enrolled in the program. None of the Plaintiffs realized that the 2–10 Warranty paperwork was not included at closing and

they were not enrolled. For several months, Plaintiffs attempted to negotiate with Defendant to receive their warranty, but did so to no avail.

On May 19, 2006, Schoenlein and Hunter filed suit against Defendant and Brian Routt, individually. Separately, on March 3, 2006, the Bices filed suit against Defendant and Brian Routt, individually. After consolidating the cases, the trial court dismissed Brian Routt as a defendant and dismissed three counts of Plaintiffs' four-count petition and granted Plaintiffs leave to amend the remaining count.

In February 2006, Defendant provided the Bices with a warranty. The Bices refused to sign the paperwork to enroll in the warranty program until August 1, 2006. Schoenlein and Hunter were enrolled in the warranty on August 29, 2006.

On December 16, 2006, Plaintiffs filed their First Amended Petition as to the remaining count. It alleged that Defendant violated Section 407.020 and 407.025 of the Missouri Merchandise Practice Act by not timely providing them with the 2–10 Warranty. Defendant moved to dismiss the petition because both sets of plaintiffs had received their 2–10 Warranty and had not suffered an "ascertainable loss of money or property." The court denied the motion to dismiss.

During trial, Defendant moved to dismiss for failure to prove damages at the close of Plaintiffs' evidence. The motion was denied. After trial, the court entered a judgment against Defendant and in favor of: T.J. Schoenlein for $5,207.62; Delora Hunter for $5,207.62; Douglas Bice for $4,768.66; and Cynthia Bice for $4,768.66. The court entered no findings of fact or conclusions of law.

1. All statutory references are to RSMo.2000.

### Standard of Review

We affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence or the trial court erroneously declared or applied the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Because neither party requested findings of fact we must assume that all fact issues were found in accordance with the result reached. Rule 73.01(a)(2); *Sunset Pools of St. Louis, Inc., v. Schaefer*, 869 S.W.2d 883, 885 (Mo. App. E.D.1994).

### Discussion

On appeal, Defendant argues that the trial court erred in entering judgment for Plaintiffs because the Plaintiffs failed to prove that they suffered an ascertainable loss of money or property. Defendant also claims the court erred in awarding attorney's fees as damages because the Missouri Merchandise Practices Act ("MMPA") requires that only after the award of actual damages may the court award attorney's fees. Defendant also argues that Plaintiffs did not prove ascertainable damages.

Plaintiffs based their lawsuit on an allegation that Defendant violated Sections 407.020 [1] and 407.025 of the MMPA because Defendant failed to provide them with their warranties in a timely manner.

Section 407.025 provides that anyone who

purchases or leases merchandise primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 407.020, may bring a pri-

vate civil action ... The court may, in its discretion, award punitive damages and may award to the prevailing party attorney's fees ...

Section 407.020 declares it unlawful to use "deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce."

Under Section 407.010(4) "merchandise" is defined to include "objects, wares, goods, commodities, intangibles, real estate or services." Defendant does not contest that the transaction in question was covered by the above cited sections of the MMPA.

Section 407.025 authorizes a court to award actual damages, and may also award punitive damages and attorney's fees. In *Sunset Pools,* this court determined the "benefit of the bargain" rule of assessing actual damages was applicable in MMPA cases. *See,* 869 S.W.2d at 886.

In *Sunset Pools,* the plaintiffs purchased a spa that did not work properly and did not come with the advertised manufacturer's warranty. *Sunset Pools,* 869 S.W.2d at 886. This court stated that the trial court should apply the "benefit of the bargain" rule to determine damages in cases of fraud or deceit where the parties have not elected to rescind the contract and seek restitution. *Id.* This is because this rule allows the defrauded party to be awarded the difference between the actual value of the property and the value if it had been as represented, measuring the damages at the time of the transaction. *Id.* We found that the plaintiffs had proven, and the court awarded, the purchase price the plaintiffs paid. *Id.* We also held that this was an improper measure of damages and remanded the case for retrial on the issue of damages. *Id.*

Here, as in *Sunset Pools,* the record supports a finding that Defendant has committed unlawful merchandising practices. Plaintiffs were told by Defendant that they would receive a warranty and the warranty was included in their purchase contract. However, Defendant was not a member of the warranty program at the time he entered into the purchase contracts with Plaintiffs and had been advised of its terminated status. Even so, the warranty was advertised with the real estate and Defendant gave Plaintiffs promotional materials for the 2–10 Warranty at closing. However, the Plaintiffs did not receive the paperwork for the warranty and were not informed that they had not received the warranty. The Plaintiffs believed they had received the warranty.

Defendant does not dispute the above evidence or the trial court's finding of unlawful merchandising practices, but only argues that the Plaintiffs failed to prove an ascertainable loss of money or property as required in Section 407.025. He argues that Plaintiffs received the benefit of their bargain because they received the home warranty.

Plaintiffs bargained for a house which included a warranty to be delivered at closing. They did not receive a warranty delivered at closing, but instead the Bices received a warranty 10 months later and Schoenlein and Hunter received a warranty over two years later. Thus, none of the Plaintiffs received the warranty they had bargained for, which was a warranty delivered at closing. Moreover, the correct measure of damages in this case is at the time of the transaction. See, *Sunset Pools,* 869 S.W.2d at 886. See also *Davis v. Cleary Bldg. Corp.,* 143 S.W.3d 659, 668 (Mo.App. W.D.2004). Plaintiffs did not receive the warranties at the time of the

transaction, but only after they had filed suit against Defendant.

At trial, Plaintiffs introduced cellular telephone bills during trial highlighting several calls made to Defendant. They also introduced testimony regarding the significant time they spent attempting to obtain the warranty from Defendant. Lastly, they introduced evidence of their significant attorney's fees.[2]

However, Plaintiffs did not introduce any evidence of the value of the real estate as bargained for, with the warranty, and the value of the real estate as received, without the warranty. Under *Sunset Pools,* this is the proper measure of damages. The defrauded party should be awarded the difference between the actual value of the property and the value if it had been as represented, measuring the damages *at the time of the transaction. Sunset Pools,* 869 S.W.2d at 886 (emphasis added). Although the trial court does not state its reasoning for the amount of damages, the actual damages found by the trial court could not have been based on the benefit of the bargain reasoning because there was no evidence of the value of the property. Thus, the court's assessment of damages was in error. We remand the cause for retrial on the issue of damages only. *See, Sunset Pools,* 869 S.W.2d at 887.

PATRICIA L. COHEN, C.J., and LAWRENCE E. MOONEY, J., concur.

---

2. Defendant argues that the trial court cannot award attorney's fees under Section 407.025 until it finds that Plaintiffs suffered an ascertainable loss of money or property. We do not reach the issue of attorney's fees because we find that the trial court incorrectly assessed the actual damages and we remand on that issue.