

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| DANIEL MURPHY, individually and on Behalf of all others similarly situated in Missouri, | ) ) ) ) | No. ED104072 |
| Plaintiff/Appellant, | ) | Appeal from the Circuit Court of |
| vs. | ) | the City of St. Louis |
| | ) | |
| STONEWALL KITCHEN, LLC, | ) | Hon. Joan L. Moriarty |
| | ) | |
| Defendant/Respondent. | ) | FILED: November 8, 2016 |

## OPINION

Appellant Daniel Murphy appeals the trial court's order granting Respondent Stonewall Kitchen, LLC's Motion to Dismiss. We reverse the trial court and remand the matter for further proceedings consistent with this opinion.

## Background

Daniel Murphy filed this lawsuit under the Missouri Merchandising Practices Act (MMPA) alleging Stonewall Kitchen, LLC misrepresented that its cupcake mix was "all natural" when it contained the ingredient of sodium acid pyrophosphate (SAPP), a chemical that acts as a leavening agent and is found in commercial baking powders. The petition identified the term "natural" to mean "when nothing artificial or synthetic … has been included in, or has been added to, a food that would not normally be expected to be in the food." The petition also contained allegations of unjust enrichment.

Stonewall Kitchen filed a Motion to Dismiss for Failure to State a Claim. The trial court, relying on the federal district court for the Western District of Missouri's decision in Kelly v. Cape Cod Potato Chip Co., 81 F. Supp. 3d 754 (W.D. Mo. 2015), granted the motion. It reasoned that because the ingredient label clearly disclosed the presence of SAPP, it was not plausible that a consumer would believe the "all natural" representation on the product (i.e. the "ingredient list defense"). The trial court also dismissed the unjust enrichment claim as wholly derivative of plaintiff's MMPA claim. We reverse the trial court for the reasons set forth below.

**Standard of Review**

Appellate courts review a trial court's grant of a motion to dismiss *de novo.* Ward v. W. Cnty. Motor Co., Inc., 403 S.W.3d 82, 84 (Mo. banc 2013). A motion to dismiss for failure to state a claim tests the adequacy of a plaintiff's petition. Nazeri v. Mo. Valley Coll., 860 S.W.2d 303, 306 (Mo. banc 1993). The petition is reviewed in an almost academic manner to determine if the plaintiff has alleged facts that meet the elements of a recognized cause of action or of a cause that might be adopted in that case. Id. The facts alleged in the petition are assumed to be true and are construed liberally in favor of the plaintiff. Ward, 403 S.W.3d at 84. If the facts pleaded and reasonable inferences to be drawn therefrom, looked at most favorably from the plaintiff's standpoint, show any ground upon which relief can be granted, the plaintiff has a right to proceed. Euge v. Golden, 551 S.W.2d 928, 931 (Mo. App. 1977). Indeed, under principles of modern pleading, a petition is not to be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id.

**Discussion**

The MMPA, as first adopted by the legislature in 1967, protects consumers by expanding the common law definition of fraud "to preserve fundamental honesty, fair play and right dealings

in public transactions." State ex rel. Danforth v. Independence Dodge, Inc., 494 S.W.2d 362, 368 (Mo.App.1973); see Huch v. Charter Commc'ns, Inc., 290 S.W.3d 721, 725–26 (Mo. banc 2009). To prevail on a claim under the MMPA, a plaintiff must plead and prove he or she (1) purchased merchandise (which includes services) from defendants; (2) for personal, family or household purposes; and (3) suffered an ascertainable loss of money or property; (4) as a result of an act declared unlawful under the Merchandising Practices Act. Hess v. Chase Manhattan Bank, USA, N.A., 220 S.W.3d 758, 773 (Mo. banc 2007); Edmonds v. Hough, 344 S.W.3d 219 (Mo. App. E.D. 2011). It is the defendant's conduct, not his intent, which determines whether a violation has occurred. State ex rel. Webster v. Areaco Inv. Co., 756 S.W.2d 633, 635 (Mo. App. E.D.1988) (internal quotations omitted). Moreover, "[a] consumer's reliance on an unlawful practice is not required under the MMPA." Hess, 220 S.W.3d at 774.

The issue before us is whether Murphy pled facts and provided a definition of "all natural" sufficient to survive a motion to dismiss. Two federal district courts in Missouri reached different conclusions when they grappled with whether the use of the term "natural" or "nothing artificial" on packaging was deceptive under the MMPA. In Kelly v. Cape Cod Potato Chip Co., the plaintiff alleged potato chips labeled as "all natural" with "no preservatives" violated the MMPA. 81 F. Supp. 3d at 760. The court held that "the federally-compliant ingredient label on the back of the [c]hips defeats Plaintiff's claims that the [c]hips' labeling constitutes an unlawful practice under the MMPA." It went on to find that the plaintiff's assertion that she was deceived by the chip company's labeling was contradicted by the full disclosure of the challenged ingredients and, if the plaintiff wished to avoid products containing the challenged ingredients, the chip company provided her with all the information she needed to do so. The Kelly court further held that in the absence of any plausible definition for the term "natural," the plaintiff failed to state a claim that

3

the use of the term "all natural" was deceptive or misleading under the MMPA. As a result, the Kelly court granted the chip company's motion to dismiss.

The federal district court for the Eastern District of Missouri, on the other hand, denied a defendant's motion to dismiss when it faced a similar issue. See Erika Thornton v. Pinnacle Foods Group LLC, No. 4:16-CV-00158 JAR, 2016 WL 4073713 (E.D. Mo. Aug. 1, 2016). In Thornton, the plaintiff asserted claims under the MMPA and unjust enrichment. She alleged she purchased a box of muffin mix labeled as containing "nothing artificial." However, the mix allegedly contained two artificial, synthetic substances. Plaintiff alleged the representation that the mix contained "nothing artificial" was false, deceptive, and misleading. In response, the defendant filed a motion to dismiss asserting the "ingredient list" defense. The trial court denied defendant's motion because whether a reasonable consumer would be deceived by a product label was an issue of fact that could not be resolved on a motion to dismiss. The court reasoned that it was plausible a consumer might rely on the representation "nothing artificial" without looking at the ingredients or that the consumer might not know that the ingredients were artificial. It held that the mere presence of an ingredient list on the back of a product did not eliminate the possibility that reasonable consumers might be misled and that the effect of that ingredient statement on a reasonable consumer's understanding of advertising and product labels involved a factual inquiry. As a result, the court denied defendant's motion to dismiss.

In this case, Murphy filed a lawsuit alleging that the term "all natural" present on the packaging of Stonewall Kitchen's cupcake mix was false, deceptive, and misleading under the MMPA because the mix contained the artificial ingredient SAPP. Murphy's petition also contained a count for unjust enrichment. Stonewall Kitchen filed a motion to dismiss claiming the petition failed to state a claim under the MMPA because Murphy failed to allege facts showing the cupcake

4

mix was deceptive or that he suffered a loss as a result. Stonewall Kitchen also claimed the unjust enrichment allegations were derivative of the MMPA claim and should be dismissed. The trial court agreed. Citing the Kelly decision, the trial court concluded that Murphy failed to plead an unlawful act within the meaning of the MMPA because he did not—and could not—allege that the cupcake mix's packaging, when taken as a whole, failed to disclose that SAPP was an ingredient. In essence, the trial court accepted the "ingredient list" defense as barring Murphy's MMPA claim. It further opined that the terms "natural" or "all natural," as used in the context of food and food labeling, were inherently ambiguous and had no clearly settled or generally understood and accepted meaning. As a result, the trial court held Murphy's petition could not survive a motion to dismiss. We disagree.

In Point I, Murphy argues the trial court erred in granting Stonewall Kitchen's motion to dismiss because he properly pled an MMPA claim and set forth facts sufficient to survive such a motion. Stonewall Kitchen argues in response that the dismissal of Murphy's MMPA claim should be affirmed because the term "all natural" is subjective and ambiguous and the ingredient was disclosed in the ingredient label, which defeats Murphy's claim as a matter of law. We conclude that the bare assertion that "all natural" is subjective and ambiguous does not cause Murphy's entire MMPA claim to fail at this early stage of litigation because a reasonable consumer's understanding of the term "all natural" or whether a practice is unfair or deceptive are questions of fact. See, e.g. Jackson v. Hazelrigg Auto. Serv. Ctr., Inc., 417 S.W.3d 886, 895 (Mo. App. S.D. 2014); Kiechle v. Drago, 694 S.W.2d 292, 293 (Mo. App. W.D. 1985)("leaving it to the court in each particular instance to declare whether fair dealing has been violated"). For example, more discovery is required regarding whether SAPP is an artificial or natural ingredient, whether SAPP is ordinarily expected to be included in such a cupcake mix, whether an ordinary consumer would

5

be misled by the term "all natural," and whether labeling the mix as "all natural" was deceptive. The parties should have been allowed to proceed with discovery and allow these fact questions to be resolved by a motion for summary judgment, if appropriate, or by a jury, not by a motion to dismiss. See, e.g. Chochorowski v. Home Depot U.S.A., Inc., 295 S.W.3d 194, 197 (Mo. App. E.D. 2009). Murphy alleges facts that, if true, establish a deceptive or false representation under the MMPA regarding the mix. We see no basis to dismiss these allegations at this juncture due to the use of the term "all natural."

Furthermore, we expressly reject the notion that the "ingredient list" defense asserted by Stonewall Kitchen defeats Murphy's claim as a matter of law. See Kelly, 81 F. Supp. 3d at 762. The FDA does not require an ingredient list so that manufacturers can mislead consumers and then rely on the ingredient list to correct those misrepresentations and provide a shield from liability for that deception. See Williams v. Gerber Prods. Co., 552 F.3d 934, 939-40 (9th Cir. 2008). A reasonable consumer would expect that the ingredient list comports with the representations on the packaging. Furthermore, the manufacturer, not the consumer, is in the superior position to know and understand the ingredients in its product and whether the ingredients comport with its packaging. While the presence of an ingredient list may be relevant to Stonewall Kitchen's defense at trial, the "ingredient list" defense cannot, as a matter of law, defeat an MMPA claim.

Stonewall Kitchen further argues Murphy's petition does not allege that SAPP is not "normally expected" to be in a cake mix. It argues that Murphy's definition of natural (i.e. when "nothing artificial or synthetic…has been included in, or has been added to, a food that would not normally be expected to be in the food") requires Murphy to plead that SAPP is both artificial and synthetic and that it would not normally be expected to be in a cupcake mix. However, Stonewall Kitchen provides no case law in support of this additional pleading requirement. The Missouri

6

Approved Jury Instructions require that Murphy plead and ultimately prove that he purchased the cupcake mix, such purchase was primarily for household purposes, that Stonewall Kitchen misrepresented that the cupcake mix was "all natural," and that as a result, plaintiff sustained damage. See M.A.I. 39.01. Murphy's petition clearly contains allegations that Stonewall Kitchen misrepresented that the cupcake mix was "all natural" when it in fact was not. In Murphy's allegations of fact, incorporated by reference, Murphy sets forth a proposed definition of "natural" and states that "SAPP not only is synthetic, but also excessive intake of SAPP can lead to imbalanced levels of minerals in the body and osteoporosis." There is no requirement under Missouri law that Murphy plead that SAPP would not normally be expected in the mix. Rather, Murphy set forth the definition of "all natural" and stated that SAPP was synthetic, thereby not meeting this definition. These allegations are sufficient, at this juncture, to survive a motion to dismiss.

In addition, Stonewall Kitchen argues Murphy's petition fails to survive a motion to dismiss because he does not plead facts showing he suffered an ascertainable loss as a result of Stonewall Kitchen's unlawful conduct. A plaintiff adequately pleads this element of an MMPA claim if he alleges an ascertainable loss under the benefit-of-the-bargain rule, which compares the actual value of the item to the value of the item if it had been as represented at the time of the transaction. See Schoenlein v. Routt Homes, Inc., 260 S.W.3d 852, 854 (Mo.App. E.D.2008). The rule is part of our standard instructions for damages in misrepresentation cases. See MAI 4.03. The rule is also applicable in MMPA cases to meet the element of ascertainable loss. Schoenlein, 260 S.W.3d at 854. Furthermore, a plaintiff's loss should be a result of the defendant's unlawful practice. Plubell v. Merck & Co., 289 S.W.3d 707, 714 (Mo. App. W.D. 2009). Here, because Murphy alleged the mix was worth less than the product as represented, he stated an objectively

7

ascertainable loss under the MMPA using the benefit-of-the-bargain rule. He also adequately pled the loss was the result of Stonewall Kitchen's deceptive labeling when he stated, in the allegations of fact, that "[k]nowing that consumers like Plaintiff are more-and-more interested in purchasing healthy food products that do not contain potentially harmful synthetic ingredients, Defendant has sought to take advantage of this growing market by labeling certain products as 'all natural.' By affixing such a label to the packaging of the Mix, Defendant is able to entice consumers like Plaintiff to pay a premium for [the supposed] 'all natural' products." Murphy did not simply parrot the language required to assert an MMPA claim. He pled facts in his "allegations of fact" section, which are then incorporated by reference in his MMPA claim. These facts are sufficient at this juncture.

We remand this case for further proceedings to allow the parties to conduct discovery and develop the allegations and defenses further. As a final matter, we briefly address Point II regarding Murphy's unjust enrichment claim. The trial court dismissed the count for unjust enrichment as derivative of Murphy's MMPA claim. However, because Murphy's MMPA claim is reinstated with this opinion, we do not reach Point II on the merits.

## Conclusion

The trial court's judgment granting Stonewall Kitchen, LLC's Motion to Dismiss for Failure to State a Claim is reversed and the matter remanded for further proceedings consistent with this opinion.

_____
Lisa S. Van Amburg, Judge

Angela T. Quigless, P.J., and
Robert G. Dowd, Jr., J., Concur.

8