Sykes, Circuit Judge, dissenting.
The plaintiffs in this proposed class action are two disappointed Massage Envy customers who booked one-hour massages but received only 50 minutes of actual massage time. Kathy Haywood and Lia Holt visited Massage Envy's website before making their appointments-Haywood at an Illinois franchise in May 2016 and Holt at a Missouri franchise in April 2012. The website advertised a one-hour massage for $50 but concealed the fact that the customer would receive something less than a full hour of massage time (or so the complaint alleges). By clicking through a complex series of fine-print links, a visitor to the website would discover that a one-hour massage "session" actually included time for consultation, undressing, and dressing. The complaint alleges that the disclaimer was obscure, misleading, and difficult to access.
As factual support for this claim, the complaint describes Massage Envy's website and its representations and omissions in great detail, and even includes various screenshots to illustrate the narrative account. The plaintiffs seek damages for deceptive advertising under the consumer-fraud statutes in Illinois and Missouri.
The district court dismissed the complaint under Rule 12(b)(6) for failure to state a claim under either state's law. My colleagues affirm that judgment, holding that neither plaintiff adequately alleged causation and that the allegations specific to Holt do not satisfy the heightened pleading standard for fraud claims under Rule 9(b). I disagree. The majority's decision misunderstands the causation requirement for a damages claim under the Illinois and Missouri consumer-fraud statutes. And Holt's specific allegations must be read not in isolation but together with the rest of the complaint. So read, her claim easily satisfies Rule 9(b) 's particularity requirement.
* * *
The consumer-fraud statutes in Illinois and Missouri are materially similar. As relevant here, both statutes prohibit false, misleading, and deceptive advertising, including "the concealment, suppression, or omission of any material fact" in connection with the sale or advertisement of goods or services in trade or commerce. 815 ILL. COMP. STAT. 505/2 ; MO. REV. STAT. § 407.020.1. Both statutes provide a private remedy for damages. 815 ILL. COMP. STAT. 505/10a(a) ; MO. REV. STAT. § 407.025.
Recovery under the Illinois statute requires proof of the following elements: (1) the defendant committed a deceptive or unfair act; (2) in the course of trade or commerce; (3) with intent that others rely on the deception; and (4) the plaintiff suffered actual damages as a result of (i.e., proximately caused by) the deception. Siegel v. Shell Oil Co ., 612 F.3d 932, 935 (7th Cir. 2010) ; Mulligan v. QVC, Inc. , 382 Ill.App.3d 620, 321 Ill.Dec. 257, 888 N.E.2d 1190, 1195 (2008). Likewise, a Missouri plaintiff must prove that he (1) purchased a good or service in trade or commerce; "(2) for personal, family or household purposes; and (3) suffered an ascertainable loss of money or property; (4) as a result of an act declared unlawful [by the statute]." Hope v. Nissan N. Am., Inc. , 353 S.W.3d 68, 82 (Mo. Ct. App. 2011).
The district judge found the complaint deficient on the elements of causation and damages. Taking the damages question first, a fraud injury (whether at common law or under a statute) can be measured in two ways: (1) as a loss of the benefit of the bargain or (2) as an out-of-pocket loss.
*337 Under the benefit-of-the-bargain rule, damages are assessed by asking whether the value of what was promised (here, a 60-minute massage) is greater than the value of what was actually received (a 50-minute massage). Under the out-of-pocket rule, the fact finder asks whether the price paid (here, $50) is greater than the market value of the good or service received (a 50-minute massage).
This case is a bit unusual because the first method shows an injury but the second does not. Haywood and Holt did not receive the benefit of their bargain (the promised one-hour massage), but they do not contend that they overpaid for a 50-minute massage.
The district judge applied an out-of-pocket method and dismissed the complaint for failing to adequately allege actual damages. That was a mistake. Both Illinois and Missouri apply the benefit-of-the-bargain rule to assess damages in statutory consumer-fraud cases. See, e.g. , Mulligan , 321 Ill.Dec. 257, 888 N.E.2d at 1196 (explaining that in statutory consumer-fraud cases, "Illinois courts have adopted the benefit-of-the-bargain rule as applied to common law fraudulent misrepresentation"); Giammanco v. Giammanco , 253 Ill.App.3d 750, 192 Ill.Dec. 835, 625 N.E.2d 990, 998 (1993) (explaining the benefit-of-the-bargain rule applicable in common-law fraud cases); Murphy v. Stonewall Kitchen, LLC , 503 S.W.3d 308, 313 (Mo. Ct. App. 2016) (explaining that "ascertainable loss" under the Missouri consumer-fraud statute is assessed "under the benefit-of-the-bargain rule, which compares the actual value of the item to the value of the item if it had been as represented at the time of the transaction").
The judge was thrown off by our decision in Kim v. Carter's, Inc. , 598 F.3d 362, 365 (7th Cir. 2010), apparently reading that case as authority to depart from the benefit-of-the-bargain rule. Perhaps Kim could use some clarification. The case concerned a "false discount" claim and must be understood in that factual context.
To be more specific, in Kim a clothing store advertised steep discounts on its merchandise, but the markdowns were illusory because the higher retail prices were fictitious. The plaintiffs sued under the Illinois consumer-fraud statute and proposed to measure their damages by subtracting the advertised sale prices from the advertised (but imaginary) retail prices. The panel rejected that approach, noting that the plaintiffs had not alleged that the defendant's clothing was "defective or worth less than what they actually paid." Id.
The reference to what the plaintiffs actually paid should not be seen as a green light for using an out-of-pocket approach to damages in a statutory consumer-fraud case. Rather, the opinion simply used the price the plaintiffs paid as a proxy for promised value. That is, the panel construed the price paid as the objective value of the promised good instead of the fanciful retail price the clothing store invented. The panel ultimately concluded that the plaintiffs failed to plead actual damages because they "got the benefit of their bargain and suffered no actual pecuniary harm." Id. at 366. Properly understood, our decision in Kim rests on the benefit-of-the-bargain approach and should not be read as authority to depart from that rule.
Clarification aside, Kim has little relevance here. This is not a "false discount" case. No one disputes that a 60-minute massage is more valuable than its 50-minute variant. The complaint adequately alleged actual damages under the benefit-of-the-bargain rule.
The judge also accepted Massage Envy's argument that because Haywood paid for *338 her massage with a gift card from her daughter, she hadn't actually lost anything. That too was a mistake. Gifts effect a transfer in title, see, e.g. , Hall v. Country Cas. Ins. Co. , 204 Ill.App.3d 765, 150 Ill.Dec. 110, 562 N.E.2d 640, 648-49 (1990), so Haywood spent her own money when she charged her massage to the gift card. The complaint is not deficient on this ground either.
* * *
My colleagues skip the damages question and instead adopt the judge's second conclusion that the causation allegations do not measure up. That holding misconstrues the causation element in a statutory consumer-fraud claim under Illinois and Missouri law.
The majority begins in the right place: To prevail under either state's law, a plaintiff must prove but-for causation. But in testing the complaint under that standard, my colleagues impose a reliance requirement that does not exist under either state's law.
More specifically, the majority finds the complaint fatally deficient because it fails to allege that Massage Envy's promise of a one-hour massage actually induced Haywood and Holt to make their appointments. Majority Op. at 334 ("There is no allegation in the complaint that her belief about the length of the massage caused Haywood to make the appointment."); see id. at 335 ("There is no indication that it was Massage Envy's deceptive advertisement that led [Holt] to book a massage at one of its locations."). But an allegation of that sort is entirely unnecessary: fraudulent inducement is not a required element under either state's law.
To the contrary, Illinois courts have unequivocally held that "reliance is not an element of statutory consumer fraud." Connick v. Suzuki Motor Co. , 174 Ill.2d 482, 221 Ill.Dec. 389, 675 N.E.2d 584, 593 (Ill. 1996). It's the plaintiff's "damage," not his purchase, that must occur " 'as a result of' the deceptive act or practice." Oliveira v. Amoco Oil Co. , 201 Ill.2d 134, 267 Ill.Dec. 14, 776 N.E.2d 151, 160 (Ill. 2002). Indeed, in Connick it was enough that the plaintiffs' purchases "occurred after the allegedly fraudulent statements." 221 Ill.Dec. 389, 675 N.E.2d at 595.
Missouri law is the same. The state courts have held that "the consumer's reliance on an unlawful practice is not required" for a statutory consumer-fraud claim. Plubell v. Merck & Co., Inc. , 289 S.W.3d 707, 714 (Mo. Ct. App. 2009). Causation under the Missouri statute requires only that "a plaintiff's loss should be a result of the defendant's unlawful practice," not his "purchase ." Id.
So it's irrelevant whether the plaintiffs actually relied on Massage Envy's deceptive promise when they booked their massages. To put the point slightly differently, it's not necessary that the deceptive promise induced them to purchase a massage. It's enough to allege, as the complaint plainly does, that (1) Massage Envy's website was deceptive (because it advertised a one-hour massage but buried in fine print that a one-hour massage session included less than 60 minutes of massage time); (2) Haywood and Holt viewed the website containing the deceptive one-hour massage advertisement before booking their appointments; and (3) Massage Envy gave them something less than what they expected (only 50 minutes of massage time).
These allegations explain the "who," "what," and "how" of this fraud claim to the degree of particularity required by Rule 9(b). Camasta v. Jos. A. Bank Clothiers, Inc. , 761 F.3d 732, 737 (7th Cir. 2014). Indeed, the "how" allegations are abundant and quite specific: The complaint describes the website-its layout, representations, *339 omissions, and navigation system-in great detail, and includes multiple screenshots showing what the site looked like at the relevant time. This description covers 108 numbered paragraphs and fully 45 of the complaint's 69 pages.
The complaint also alleges the "when" and "where" of the fraud with particularity: The allegedly deceptive advertisements appeared on Massage Envy's website from April 2007 until at least September 2016 when the lawsuit was filed; Holt viewed the website in April 2012 before booking her one-hour massage at a Missouri franchise; and Haywood viewed the website in May 2016 before booking her one-hour massage at an Illinois franchise. Nothing more is needed.
My colleagues also conclude that the allegations specific to Holt fall short under Rule 9(b) for two additional reasons. First, they point out that Holt "does not state what, if anything, she saw or did not see on the Massage Envy website that led her to believe she was paying for one hour of massage time." Majority Op. at 335. Not so. The complaint specifically alleges that Holt visited Massage Envy's website "to research the prices for a one-hour massage." The robust allegations earlier in the complaint explain the content of the website in great detail. Reading the Holt-specific allegations against that backdrop, it's reasonable to infer that when she visited the site, she saw what is described elsewhere in the complaint, including the allegedly deceptive advertisement. Nothing in Rule 9(b) requires that she repeat the facts recited earlier in the complaint.
Second, the majority finds it "notable that [Holt] does not state how much, if anything, she paid for her massage." Id. That's an immaterial omission. What she paid would be an important detail under an out-of-pocket measure of damages, but it's irrelevant under the benefit-of-the-bargain rule, which (to repeat) applies in statutory consumer-fraud claims under Missouri law.
And we can be confident that Holt paid something for her massage. The context makes it wholly unreasonable to infer that she received the service free of charge. Indeed, as I've just noted, the complaint alleges that Holt visited Massage Envy's website "to research the prices for a one-hour massage." (Emphasis added.) The only reasonable inference here is that she paid the advertised rate for a one-hour massage. And we know from the complaint's earlier narrative that the website advertised a one-hour massage for $50. Again, Holt was not required to repeat the voluminous allegations appearing elsewhere in the complaint. Read reasonably, and together with the rest of the complaint, the allegations specific to Holt satisfy Rule 9(b) 's particularity requirement.
* * *
In short, the complaint survives scrutiny under Rules 9(b) and 12(b)(6), and the case should have been allowed to move forward. The plaintiff's claims aren't worth much, and I'm skeptical that the case is appropriate for class certification. But the complaint states claims for relief under Illinois and Missouri law and should not have been dismissed. I respectfully dissent.