# United States Court of Appeals

### For the Eighth Circuit

_____

No. 20-2696

_____

Karen Schulte, individually and on behalf of all others similarly situated

*Plaintiff - Appellant*

v.

Conopco, Inc., doing business as Unilever

*Defendant - Appellee*

Walgreen Co.

*Defendant*

CVS Pharmacy, Inc.; Walmart, Inc.; Target Corporation; Schnuck Markets, Inc.; Dierbergs Markets, Inc.

*Defendants - Appellees*

Does 1-10

*Defendant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: April 13, 2021
Filed: May 18, 2021

_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.
_____

BENTON, Circuit Judge.

Karen Schulte sued numerous companies for violating the Missouri Merchandising Practices Act (MMPA) through their marketing of men's and women's antiperspirants. **§§ 407.010-407.315 RSMo**. The district court[1] dismissed. ***Schulte v. Conopco, Inc.***, 2020 WL 4039221 (E.D. Mo. July 17, 2020). Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Schulte argues Conopco, Inc.—doing business as Unilever—discriminates based on gender in pricing two Dove product lines. One line is "Men + Care," primarily marketed to men. The other is "Advanced Care," marketed to women, though more subtly. The antiperspirants in each line have similar, but not identical, ingredients. Each line has distinct scents: Advanced Care has at least 15 "feminine" scents, while Men + Care has about five "masculine" scents. The Men + Care brand comes in a 2.7 ounce size, while the Advanced care is only 2.6 ounces. The two lines have distinct packaging and labels.

Schulte purchased an Advanced Care antiperspirant stick from each of the six defendant retailers. She alleges their price was higher than the comparable Men + Care sticks, from 40 cents to $1.00 per stick. Schulte filed a class action suit, alleging that the Dove manufacturers and sellers were discriminating against women in their pricing, a "pink tax." She alleges this violates the MMPA. The district court dismissed the complaint.

"We review de novo a grant of a motion to dismiss for failure to state a claim under Rule 12(b)(6), accepting as true all factual allegations in the light most favorable to the nonmoving party." ***Glick v. W. Power Sports, Inc.***, 944 F.3d 714,

---

[1]The Honorable Rodney W. Sippel, Chief United States District Judge for the Eastern District of Missouri.

717 (8th Cir. 2019). "However, we need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts." *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

> Schulte argues the MMPA bans gender discrimination in pricing:

> The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . in or from the state of Missouri, is declared to be an unlawful practice . . . .

**§ 407.020, RSMo 2016**.[2] A Missouri regulation interprets "unfair practice" as any practice that either "[o]ffends any public policy as it has been established by the Constitution, statutes or common law of this state, or by the Federal Trade Commission, or its interpretive decisions" or "[i]s unethical, oppressive or unscrupulous." **15 CSR 60-8.020(1)(A)**. "To establish a claim under the MMPA, a plaintiff must show that she (1) leased or purchased a product or service from defendant; (2) primarily for personal, family, or household purposes; and (3) suffered an ascertainable loss of money or property; (4) as a result of an act declared unlawful by § 407.020 RSMo." *Toben v. Bridgestone Retail Ops., LLC*, 751 F.3d 888, 897 (8th Cir. 2014). The terms of the statute are "unrestricted, all-encompassing and exceedingly broad." *Ports Petroleum Co. v. Nixon*, 37 S.W.3d 237, 240 (Mo. banc 2001). Consumers need not have "a direct contractual relationship" to "maintain a suit under the MMPA against a party with a connection to the merchandise before a buyer enters the transaction." *Conway v. CitiMortgage, Inc.*, 438 S.W.3d 410, 416 (Mo. banc 2014). "The purpose of the Merchandising

---

[2]The General Assembly's recent amendment to the MMPA does not impact this case, since it was filed before August 28, 2020. *See* **§ 407.025.1(2), RSMo Supp. 2020**.

-3-

Practices Act is to supplement the definitions of common law fraud in an attempt to preserve fundamental honest, fair play and right dealings in public transactions." ***Sunset Pools of St. Louis, Inc. v. Schaefer***, 869 S.W.2d 883, 886 (Mo. App. 1994).

Schulte stresses Missouri cases suggesting that whether a practice is unfair can be a factual issue. *See **Murphy v. Stonewall Kitchen, LLC***, 503 S.W.3d 308, 312 (Mo. App. 2016); ***Jackson v. Hazelrigg Auto. Serv. Ctr., Inc.***, 417 S.W.3d 886, 895 (Mo. App. 2014). This does not override the plausibility pleading standard. "Sec. 407.020 . . . leaves to the court in each particular instance the determination whether fair dealing has been violated." ***Huch v. Charter Commc'ns, Inc.***, 290 S.W.3d 721, 724 (Mo. banc 2009). When there is "no evidence of a course of conduct . . . that would amount to fraud or deception," MMPA complaints can be dismissed. ***Kiechle v. Drago***, 694 S.W.2d 292, 294 (Mo. App. 1985).

Schulte mistakes gender-based marketing for gender discrimination. She ignores that the different scents, packaging, and labels make the products potentially attractive to different customers with different preferences. *Cf. **Foremost Dairies, Inc. v. Thomason***, 384 S.W.2d 651, 656-57 (Mo. banc 1964) (holding different prices for the same product are not unfair) (allowing these different prices because "flat pricing under conditions of differential cost . . . tend to distort the normal operation of the marketing system").

Schulte argues at length that the MMPA bans gender discrimination in pricing, based on a plain language analysis, the Missouri regulation, public policy, and FTC guidance. Assuming that the MMPA bans gender discrimination in pricing, she cannot plausibly allege it using only retail-price differences without plausibly alleging that the *only* difference between the products is the gender of the purchaser. *Cf.* Ronald L. Oaxaca, *Male-Female Wage Differentials in Urban Labor Markets*, 14 **Int'l Econ. Rev**. 693, 694-95 (1973) (explaining discrimination exists when all characteristics except gender are held constant and a price gap exists); Alan S. Blinder, *Wage Discrimination: Reduced Form and Structural Estimates*, 8 **J. Hum. Res.** 436, 437-38 (1973) (same); Evelyn M. Kitagawa, *Components of a Difference*

*Between Two Rates*, 50 **J. Am. Stat. Assc.** 1168, 1169-70 (1955) (introducing the concept).

Schulte also conflates marketing targeted to women with *enforced* point-of-sale pricing by gender. Women are not required to purchase Advanced Care products, nor are men required to purchase Men + Care: both have an equal opportunity to buy. As Schulte puts it, "men and women are able to purchase a product marketed to the opposite sex." Ironically, her claim assumes all men and all women must purchase products marketed to their gender, in her words, "due to social conditioning and societal expectations regarding what is 'feminine' and 'masculine.'" If Schulte's primary concern is price, she is free to purchase the Men + Care antiperspirant. Her choice not to illustrates a difference in demand based on product preferences, not the purchaser's gender. As Schulte says in her brief, she prefers the scents in the Advanced Care line because she does not want to "smell like a man." She just does not want to pay extra for her preference. Because preference-based pricing is not necessarily an unfair practice, the MMPA does not prohibit the defendants' pricing here.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____