In the

# United States Court of Appeals
## For the Seventh Circuit

No. 17-2402

KATHY HAYWOOD and LIA HOLT, on
behalf of themselves and all others
similarly situated,

*Plaintiffs-Appellants*,

*v.*

MASSAGE ENVY FRANCHISING, LLC,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Southern District of Illinois.
No. 3:16-cv-01087-DRH-SCW — **David R. Herndon**, *Judge.*

ARGUED FEBRUARY 7, 2018 — DECIDED APRIL 10, 2018

Before BAUER, ROVNER, and SYKES, *Circuit Judges*.

BAUER, *Circuit Judge.* Kathy Haywood and Lia Holt filed
this putative class action alleging that Massage Envy Franchis-
ing, LLC ("Massage Envy"), committed unfair and deceptive
business practices by advertising and selling one-hour mas-

sages but providing massages that lasted only 50 minutes. They now appeal from the district court's order granting Massage Envy's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. We affirm.

## I.  BACKGROUND

Massage Envy is a franchisor based in Scottsdale, Arizona, that grants licenses to independently owned and operated entities for use of its name, trademark, and standardized business operations. Haywood is an Illinois resident and Holt is a Missouri resident. Massage Envy has multiple franchise locations in both states that offer massages and other related services.

On November 16, 2016, Haywood and Holt filed their first amended complaint which is the subject of Massage Envy's motion to dismiss and this appeal. It alleges that Massage Envy violated numerous provisions of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 *et seq.*, and the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. § 407.010 *et seq.*, when it offered and sold "what it stated were one-hour massages or 'massage sessions' that provided no more than 50 minutes of massage time."

Before detailing Haywood's and Holt's specific experiences, the complaint explains how Massage Envy advertised massage services on its website between May 2007 and September 2016. It focuses primarily on the advertisement on the website's homepage for an "Introductory 1-hour Massage Session*" at the price of $50. Clicking the asterisk after the word "Session" led the user to a separate web page that did not contain

information about the length of a massage. However, at the bottom of the homepage there was a link that stated "*View pricing and promotional details." That link led to a separate page with a number of disclaimers. One disclaimer titled "Session"explained that a "[s]ession includes massage or facial and time for consultation and dressing." The complaint alleges that the multiple asterisks confused the average consumer and that Massage Envy deceptively hid the disclosures where they were "nearly impossible" to find.

Haywood's first encounter with Massage Envy came after receiving an electronic gift card for $75 from her daughter via email. The email provided instructions for downloading the gift card and scheduling an appointment. The complaint notes that "[a] line buried in fine print at the bottom of the email stated, 'Session includes massage or facial and time for consultation and dressing.'" Haywood visited the Massage Envy website and booked a one-hour massage session at a franchise location in O'Fallon, Illinois. She did not see a disclaimer either on the website or at the O'Fallon location stating that the massage time would be less than 60 minutes. Haywood went for her massage on May 11, 2016. After speaking briefly with the massage therapist, she was given time to undress and then received a massage that lasted no more than 50 minutes.

Haywood scheduled another appointment at the same location on September 8, 2016, "to verify that Massage Envy provided only 50 minutes' massage time for a one-hour massage." She booked a one-hour massage session, this time via phone, for $90. She did not see any sign or display at the location noting that the massage time would be less than one

hour. She received another massage that lasted no more than 50 minutes.

Holt's allegations regarding her experience are less detailed than Haywood's. The complaint alleges that in April 2012, Holt "accessed Massage Envy's website to research the prices for a one-hour massage" and learned that the nearest franchise location was in Oakville, Missouri. She telephoned that location and made an appointment for a one-hour massage. Sometime during that same month, she went to the Oakville location and received a massage that lasted no more than 50 minutes.

On behalf of Haywood and all other similarly situated Illinois residents, the complaint alleges counts of Affirmative Deception, Material Omissions of Fact, and Unfair Practices in violation of the IFCA. It alleges the same three counts in violation of the MMPA on behalf of Holt and all other similarly situated Missouri residents. Massage Envy moved to dismiss the complaint arguing both a lack of subject matter jurisdiction and failure to state a claim on which relief may be granted.

On June 9, 2017, the district court granted Massage Envy's motion and dismissed the complaint with prejudice. The court first held that Haywood and Holt had standing, rejecting Massage Envy's argument that they had not pleaded a cognizable injury that was fairly traceable to Massage Envy. However, when analyzing the requirements for pleading damages under the IFCA and the MMPA, the court held that both Haywood and Holt's allegations failed to meet the standards set forth by those statutes and the corresponding case law. The court also found that Holt's claims did not meet the heightened pleading

standard required under Federal Rule of Civil Procedure 9(b), as she did not allege a time or a place for the fraudulent conduct, nor did she state particularly how she was deceived. Haywood and Holt timely appealed.

## II. DISCUSSION

We review *de novo* a district court's ruling that a complaint fails to state a claim upon which relief may be granted under Rule 12(b)(6). *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). We "may affirm the district court's dismissal on any ground supported by the record, even if different from the grounds relied upon by the district court." *Slaney v. The Intern. Amateur Athletic Fed'n*, 244 F.3d 580, 597 (7th Cir. 2001). "To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Camasta*, 761 F.3d at 736 (internal quotation marks and citation omitted). Because Haywood and Holt bring their claims under different statutes, we will analyze the sufficiency of their allegations separately.

### A. Haywood's ICFA Claims

We analyze ICFA claims of deception under the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *Id.* Although Haywood brings one ICFA claim alleging unfair practices, that claim still sounds in fraud because it relies upon the same baseline allegation that Massage Envy intentionally misled consumers by hiding information on the length of massage time. Therefore, it too is subject to Rule 9(b)'s requirements. *See id.* at 737 (holding that an unfairness claim that "sounds in fraud" can implicate Rule 9(b)). Rule 9(b) requires

the complaint to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). That means that it must specifically allege the "who, what, when, where, and how of the fraud." *Camasta*, 761 F.3d at 737 (internal quotation marks and citation omitted).

To state a claim under the ICFA as a private party, Haywood must plausibly allege: (1) a deceptive act or promise by Massage Envy; (2) Massage Envy's intent that she rely on the deceptive act; (3) the deceptive act occurred during a course of conduct involving trade or commerce; and (4) actual damage as a result of the deceptive act. *Camasta*, 761 F.3d at 739; *see also* 815 ILCS 505/10a (providing individual cause of action for violation resulting in "actual damages"). "Actual damage" in this context means that Haywood must have suffered actual pecuniary loss. *Camasta*, 716 F.3d at 739. Additionally, the deceptive act must have been the "but-for" cause of the damage. *Mulligan v. QVC, Inc.*, 888 N.E.2d 1190, 1199 (Ill. App. Ct. 2008).

As an initial matter, Haywood cannot obtain relief based on her second visit to Massage Envy because after her first visit, she cannot plausibly allege that she was deceived regarding the length of the massage. In fact, she states in the complaint that she booked the second massage "to verify that Massage Envy provided only 50-minutes' massage time." Because she knew how long the massage would last, she cannot maintain a claim based on the second visit. *Oliviera v. Amoco Oil Co.*, 776 N.E.2d 151, 164 (Ill. 2002) (holding that those who "know the truth" do not have a valid ICFA claim). Therefore, we need only focus on the allegations regarding Haywood's first visit.

Much of the district court's decision, as well as the briefing before this court, was dedicated to a discussion of the requirements for pleading damages under the ICFA. The district court held that Haywood could not establish that she suffered an actual pecuniary loss because she did not spend any money on the massage, but instead used the gift card her daughter gave her. Additionally, the court found that Haywood's allegations failed to establish that the value of the massage she received was "worth less than what [she] actually paid," citing *Kim v. Carter's Inc.*, 598 F.3d 362, 365 (7th Cir. 2010). Haywood argues that the court erred by failing to evaluate her alleged injury under the benefit-of-the-bargain rule, which only requires an allegation that she received something less than what she was promised. However, we need not settle that debate here because Haywood's claims fail for a different reason altogether.

Even had Haywood adequately pleaded actual damages, her allegations fail to establish the requisite causation. Although proximate cause in an IFCA claim is typically an issue of fact, a court may determine it as a matter of law where "only one conclusion is clearly evident." *Mulligan*, 888 N.E.2d at 1199. Here, the only reasonable conclusion is that Massage Envy's representations regarding the one-hour massage session were not the but-for cause of any alleged injury. *See id.* There is no allegation in the complaint that her belief about the length of the massage caused Haywood to make the appointment. To the contrary, the only reasonable and plausible inference is that only the receipt of a gift card caused her to book a massage; the alleged deceptive representations did not influence that decision. Her failure to cite a specific deceptive

representation that caused her to pay for something she did not receive is particularly problematic in light of Rule 9(b)'s heightened standard. *See Camasta*, 761 F.3d at 737 (plaintiff must plead the "how of the fraud"). She cannot, based on these allegations, establish that Massage Envy's alleged deception was the but-for cause of her injury, and her claims fail as a result. *See Mulligan*, 888 N.E.2d at 1199; *see also Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513–14 (7th Cir. 2006) ("[A] damages claim under the ICFA requires that the plaintiff was deceived in some manner and damaged by the deception.").

### B. Holt's MMPA Claims

Just as with Haywood's claims, Holt's are based on the allegation that Massage Envy intentionally misrepresented the length of their massages. Holt concedes, and we agree, that Rule 9(b)'s heightened pleading standards apply to her MMPA claims. Though the parties do not cite, and we have not found, direct authority on this point from our cases or those of our sister circuits, we note that district courts in Missouri routinely apply Rule 9(b) to MMPA claims. *See, e.g.*, *Pfitzer v. Smith & Wesson Corp.*, No. 4:13-CV-676-JAR, 2014 WL 636381 at *3 (E.D. Mo. Feb. 18, 2014); *Khaliki v. Helzberg Diamond Shops, Inc.*, No. 4:11-CV-00010-NKL, 2011 WL 1326660 at *2 (W.D. Mo. April 6, 2011); *Blake v. Career Educ. Corp.*, No. 4:08-CV-00821-ERW, 2009 WL 140742 at *2 (E.D. Mo. Jan. 20, 2009).

To state a claim for a deceptive practice under the MMPA, Holt must allege that (1) she purchased merchandise from Massage Envy; (2) the merchandise was for personal, family, or household purposes; (3) she suffered an ascertainable loss of money; and (4) the loss was the result of a deceptive act, as

defined by the statute. *Ward v. West Cty. Motor Co.*, 403 S.W.3d 82, 84 (Mo. 2013) (en banc); Mo. Rev. Stat. §§ 407.020, 407.025.

The entirety of the allegations regarding Holt's experience with Massage Envy are contained in six sentences over four paragraphs of the 76-page complaint. She states that she called the Oakville, Missouri, franchise location to make an appointment for a one-hour massage after she "accessed Massage Envy's website to research the prices for a one-hour massage." When she arrived for her appointment, she received a massage that lasted no more than 50 minutes. These bare bones allegations fall woefully short of satisfying the MMPA's pleading requirements, particularly when they are subjected to the heightened standards of Rule 9(b).

Specifically, Holt completely fails to allege that a deceptive representation from Massage Envy caused her to suffer an ascertainable loss of money. She does not state what, if anything, she saw or did not see on the Massage Envy website that led her to believe she was paying for one hour of massage time. In fact, the allegation that she "researched" one-hour massage sessions might infer that she saw the disclaimer regarding massage-session time allocation that the complaint freely admits was present. Regardless, stating that she visited the website is not sufficient to claim that she saw something that deceived her. It does not provide the what or how of the fraud, as Rule 9(b) requires.

It is also notable that she does not state how much, if anything, she paid for her massage. For that reason, she has failed to plead that she suffered an ascertainable loss of money. Moreover, as was the case for Haywood, she fails to plead any

causation. There is no indication that it was Massage Envy's deceptive advertisement that led her to book a massage at one of its locations. Accordingly, the allegations do not support the conclusion that Massage Envy caused her to suffer an ascertainable loss of money.

In sum, Holt's allegations fail to state a claim under the MMPA with the particularity required under Rule 9(b). For that reason, the district court did not err in dismissing her claims.

## C.  Dismissal with Prejudice

As we have explained, the district court was correct to grant Massage Envy's motion to dismiss. Still, we must determine whether it was error to dismiss the complaint with prejudice. We review that decision for an abuse of discretion. *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015).

Haywood and Holt argue that they can cure any infirmities in their complaint by amending and fleshing out the details of their claims. Crucially, however, they did not request leave to amend their complaint from the district court. They contend that their lack of an explicit request is of no consequence, citing the generally liberal approach to granting leave to amend under Federal Rule of Civil Procedure 15(a)(2). *See, e.g., Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. and Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015).

We disagree. Nothing in Rule 15, nor in any of our cases, suggests that a district court must give leave to amend a complaint where a party does not request it or suggest to the court the ways in which it might cure the defects. To the

contrary, we have held that courts are within their discretion to dismiss with prejudice where a party does not make such a request or showing. *See Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 943 (7th Cir. 2012); *see also James Cape & Sons Co. v. PCC Constr. Co.*, 453 F.3d 396, 400–01 (7th Cir. 2006).

Here, in light of our analysis above, it is reasonable to conclude that the district court believed Haywood and Holt would not be able to cure the problems in their complaint. *See James Cape & Sons Co.*, 453 F.3d at 401 (holding that dismissal with prejudice was not an abuse of discretion where district court "could have quite reasonably believed that an amended complaint would suffer the same fatal flaws as the one before it"). Without a request for leave to do so, nor any indication to the court how they might accomplish that goal, the district court did not abuse its discretion in dismissing the complaint with prejudice.

## III. CONCLUSION

For the foregoing reasons, the district court's order is AFFIRMED.

SYKES, *Circuit Judge*, dissenting. The plaintiffs in this proposed class action are two disappointed Massage Envy customers who booked one-hour massages but received only 50 minutes of actual massage time. Kathy Haywood and Lia Holt visited Massage Envy's website before making their appointments—Haywood at an Illinois franchise in May 2016 and Holt at a Missouri franchise in April 2012. The website advertised a one-hour massage for $50 but concealed the fact that the customer would receive something less than a full hour of massage time (or so the complaint alleges). By clicking through a complex series of fine-print links, a visitor to the website would discover that a one-hour massage "session" actually included time for consultation, undressing, and dressing. The complaint alleges that the disclaimer was obscure, misleading, and difficult to access.

As factual support for this claim, the complaint describes Massage Envy's website and its representations and omissions in great detail, and even includes various screenshots to illustrate the narrative account. The plaintiffs seek damages for deceptive advertising under the consumer-fraud statutes in Illinois and Missouri.

The district court dismissed the complaint under Rule 12(b)(6) for failure to state a claim under either state's law. My colleagues affirm that judgment, holding that neither plaintiff adequately alleged causation and that the allegations specific to Holt do not satisfy the heightened pleading standard for fraud claims under Rule 9(b). I disagree. The majority's decision misunderstands the causation requirement for a damages claim under the Illinois and Missouri consumer-fraud statutes. And Holt's specific allegations must be read not in isolation but together with

the rest of the complaint. So read, her claim easily satisfies Rule 9(b)'s particularity requirement.

* * *

The consumer-fraud statutes in Illinois and Missouri are materially similar. As relevant here, both statutes prohibit false, misleading, and deceptive advertising, including "the concealment, suppression, or omission of any material fact" in connection with the sale or advertisement of goods or services in trade or commerce. 815 ILL. COMP. STAT. 505/2; MO. REV. STAT. § 407.020.1. Both statutes provide a private remedy for damages. 815 ILL. COMP. STAT. 505/10a(a); MO. REV. STAT. § 407.025.

Recovery under the Illinois statute requires proof of the following elements: (1) the defendant committed a deceptive or unfair act; (2) in the course of trade or commerce; (3) with intent that others rely on the deception; and (4) the plaintiff suffered actual damages as a result of (i.e., proximately caused by) the deception. *Siegel v. Shell Oil Co.*, 612 F.3d 932, 935 (7th Cir. 2010); *Mulligan v. QVC, Inc.*, 888 N.E.2d 1190, 1195 (Ill. App. Ct. 2008). Likewise, a Missouri plaintiff must prove that he (1) purchased a good or service in trade or commerce; "(2) for personal, family or household purposes; and (3) suffered an ascertainable loss of money or property; (4) as a result of an act declared unlawful [by the statute]." *Hope v. Nissan N. Am., Inc.*, 353 S.W.3d 68, 82 (Mo. Ct. App. 2011).

The district judge found the complaint deficient on the elements of causation and damages. Taking the damages question first, a fraud injury (whether at common law or under a statute) can be measured in two ways: (1) as a loss of

the benefit of the bargain or (2) as an out-of-pocket loss. Under the benefit-of-the-bargain rule, damages are assessed by asking whether the value of what was promised (here, a 60-minute massage) is greater than the value of what was actually received (a 50-minute massage). Under the out-of-pocket rule, the fact finder asks whether the price paid (here, $50) is greater than the market value of the good or service received (a 50-minute massage).

This case is a bit unusual because the first method shows an injury but the second does not. Haywood and Holt did not receive the benefit of their bargain (the promised one-hour massage), but they do not contend that they overpaid for a 50-minute massage.

The district judge applied an out-of-pocket method and dismissed the complaint for failing to adequately allege actual damages. That was a mistake. Both Illinois and Missouri apply the benefit-of-the-bargain rule to assess damages in statutory consumer-fraud cases. *See*, *e.g.*, *Mulligan*, 888 N.E.2d at 1196 (explaining that in statutory consumer-fraud cases, "Illinois courts have adopted the benefit-of-the-bargain rule as applied to common law fraudulent misrepresentation"); *Giammanco v. Giammanco*, 625 N.E.2d 990, 998 (Ill. App. Ct. 1993) (explaining the benefit-of-the-bargain rule applicable in common-law fraud cases); *Murphy v. Stonewall Kitchen, LLC*, 503 S.W.3d 308, 313 (Mo. Ct. App. 2016) (explaining that "ascertainable loss" under the Missouri consumer-fraud statute is assessed "under the benefit-of-the-bargain rule, which compares the actual value of the item to the value of the item if it had been as represented at the time of the transaction").

The judge was thrown off by our decision in *Kim v. Carter's, Inc.*, 598 F.3d 362, 365 (7th Cir. 2010), apparently reading that case as authority to depart from the benefit-of-the-bargain rule. Perhaps *Kim* could use some clarification. The case concerned a "false discount" claim and must be understood in that factual context.

To be more specific, in *Kim* a clothing store advertised steep discounts on its merchandise, but the markdowns were illusory because the higher retail prices were fictitious. The plaintiffs sued under the Illinois consumer-fraud statute and proposed to measure their damages by subtracting the advertised sale prices from the advertised (but imaginary) retail prices. The panel rejected that approach, noting that the plaintiffs had not alleged that the defendant's clothing was "defective or worth less than what they actually paid." *Id.*

The reference to what the plaintiffs actually paid should not be seen as a green light for using an out-of-pocket approach to damages in a statutory consumer-fraud case. Rather, the opinion simply used the price the plaintiffs paid as a proxy for promised value. That is, the panel construed the price paid as the objective value of the promised good instead of the fanciful retail price the clothing store invented. The panel ultimately concluded that the plaintiffs failed to plead actual damages because they "got the benefit of their bargain and suffered no actual pecuniary harm." *Id.* at 366. Properly understood, our decision in *Kim* rests on the benefit-of-the-bargain approach and should not be read as authority to depart from that rule.

Clarification aside, *Kim* has little relevance here. This is not a "false discount" case. No one disputes that a 60-minute

massage is more valuable than its 50-minute variant. The complaint adequately alleged actual damages under the benefit-of-the-bargain rule.

The judge also accepted Massage Envy's argument that because Haywood paid for her massage with a gift card from her daughter, she hadn't actually lost anything. That too was a mistake. Gifts effect a transfer in title, *see, e.g.*, *Hall v. Country Cas. Ins. Co.*, 562 N.E.2d 640, 648–49 (Ill. App. Ct. 1990), so Haywood spent her *own* money when she charged her massage to the gift card. The complaint is not deficient on this ground either.

* * *

My colleagues skip the damages question and instead adopt the judge's second conclusion that the causation allegations do not measure up. That holding misconstrues the causation element in a statutory consumer-fraud claim under Illinois and Missouri law.

The majority begins in the right place: To prevail under either state's law, a plaintiff must prove but-for causation. But in testing the complaint under that standard, my colleagues impose a reliance requirement that does not exist under either state's law.

More specifically, the majority finds the complaint fatally deficient because it fails to allege that Massage Envy's promise of a one-hour massage actually induced Haywood and Holt to make their appointments. Majority Op. at 7 ("There is no allegation in the complaint that her belief about the length of the massage caused Haywood to make the appointment."); *see id.* at 10 ("There is no indication that it was Massage Envy's deceptive advertisement that led [Holt]

to book a massage at one of its locations."). But an allegation of that sort is entirely unnecessary: fraudulent *inducement* is not a required element under either state's law.

To the contrary, Illinois courts have unequivocally held that "reliance is not an element of statutory consumer fraud." *Connick v. Suzuki Motor Co.*, 675 N.E.2d 584, 593 (Ill. 1996). It's the plaintiff's "damage," not his purchase, that must occur "'as a result of' the deceptive act or practice." *Oliveira v. Amoco Oil Co.*, 776 N.E.2d 151, 160 (Ill. 2002). Indeed, in *Connick* it was enough that the plaintiffs' purchases "occurred after the allegedly fraudulent statements." 675 N.E.2d at 595.

Missouri law is the same. The state courts have held that "the consumer's reliance on an unlawful practice is not required" for a statutory consumer-fraud claim. *Plubell v. Merck & Co., Inc.*, 289 S.W.3d 707, 714 (Mo. Ct. App. 2009). Causation under the Missouri statute requires only that "a plaintiff's *loss* should be a result of the defendant's unlawful practice," not his "*purchase*." *Id.*

So it's irrelevant whether the plaintiffs actually relied on Massage Envy's deceptive promise when they booked their massages. To put the point slightly differently, it's not necessary that the deceptive promise *induced* them to purchase a massage. It's enough to allege, as the complaint plainly does, that (1) Massage Envy's website was deceptive (because it advertised a one-hour massage but buried in fine print that a one-hour massage session included less than 60 minutes of massage time); (2) Haywood and Holt viewed the website containing the deceptive one-hour massage advertisement before booking their appointments; and

(3) Massage Envy gave them something less than what they expected (only 50 minutes of massage time).

These allegations explain the "who," "what," and "how" of this fraud claim to the degree of particularity required by Rule 9(b). *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014). Indeed, the "how" allegations are abundant and quite specific: The complaint describes the website—its layout, representations, omissions, and navigation system—in great detail, and includes multiple screenshots showing what the site looked like at the relevant time. This description covers 108 numbered paragraphs and fully 45 of the complaint's 69 pages.

The complaint also alleges the "when" and "where" of the fraud with particularity: The allegedly deceptive advertisements appeared on Massage Envy's website from April 2007 until at least September 2016 when the lawsuit was filed; Holt viewed the website in April 2012 before booking her one-hour massage at a Missouri franchise; and Haywood viewed the website in May 2016 before booking her one-hour massage at an Illinois franchise. Nothing more is needed.

My colleagues also conclude that the allegations specific to Holt fall short under Rule 9(b) for two additional reasons. First, they point out that Holt "does not state what, if anything, she saw or did not see on the Massage Envy website that led her to believe she was paying for one hour of massage time." Majority Op. at 9. Not so. The complaint specifically alleges that Holt visited Massage Envy's website "to research the prices for a one-hour massage." The robust allegations earlier in the complaint explain the content of the website in great detail. Reading the Holt-specific allegations

against that backdrop, it's reasonable to infer that when she visited the site, she saw what is described elsewhere in the complaint, including the allegedly deceptive advertisement. Nothing in Rule 9(b) requires that she repeat the facts recited earlier in the complaint.

Second, the majority finds it "notable that [Holt] does not state how much, if anything, she paid for her massage." *Id.* That's an immaterial omission. What she paid would be an important detail under an out-of-pocket measure of damages, but it's irrelevant under the benefit-of-the-bargain rule, which (to repeat) applies in statutory consumer-fraud claims under Missouri law.

And we can be confident that Holt paid *something* for her massage. The context makes it wholly unreasonable to infer that she received the service free of charge. Indeed, as I've just noted, the complaint alleges that Holt visited Massage Envy's website "to research *the prices* for a one-hour massage." (Emphasis added.) The only reasonable inference here is that she paid the advertised rate for a one-hour massage. And we know from the complaint's earlier narrative that the website advertised a one-hour massage for $50. Again, Holt was not required to repeat the voluminous allegations appearing elsewhere in the complaint. Read reasonably, and together with the rest of the complaint, the allegations specific to Holt satisfy Rule 9(b)'s particularity requirement.

\* \* \*

In short, the complaint survives scrutiny under Rules 9(b) and 12(b)(6), and the case should have been allowed to move forward. The plaintiff's claims aren't worth much, and I'm skeptical that the case is appropriate for class certification.

But the complaint states claims for relief under Illinois and Missouri law and should not have been dismissed. I respectfully dissent.