# United States Court of Appeals
## For the Eighth Circuit
_____

No. 20-3711
_____

Logan Bauer, individually and on behalf of all others similarly situated

*Plaintiff - Appellant*

v.

AGA Service Company, doing business as Allianz Global Assistance;
Jefferson Insurance Company

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Western District of Missouri - Springfield
_____

Submitted: November 16, 2021
Filed: February 9, 2022
_____

Before COLLOTON, GRASZ, and KOBES, Circuit Judges.
_____

GRASZ, Circuit Judge.

Logan Bauer booked a round-trip flight and bought two corresponding travel insurance policies with AGA Service Company and Jefferson Insurance Company. Bauer later cancelled the flight because of government-imposed COVID-19 stay-at-home orders. He then filed a claim for insurance proceeds, but the insurers denied his claim under one policy, and Bauer alleged in his complaint that the insurers were

also likely to deny his claim as to the other policy. Seeking to determine his rights and to obtain recovery for himself and others in his situation, Bauer sued the insurers in federal court. He appeals the district court's[1] dismissal of his suit for failure to state a claim. We affirm.

## I. Background

In January 2020, Logan Bauer booked a round-trip flight and bought two corresponding travel insurance policies with the insurers—one for the flight there and the other for the flight back. The parties agree that the relevant language of both insurance policies was identical. Both policies covered flight cancellations for quarantines. The policies define a quarantine as "[m]andatory confinement, intended to stop the spread of a contagious disease to which *you* or a *traveling companion* may have been exposed."

After booking the flight but before Bauer's trip, state and local government officials issued stay-at-home orders to slow the spread of COVID-19, directing people to cease all non-essential activities, including travel. Though Bauer did not allege he contracted COVID-19, he alleged he cancelled his flight because of the stay-at-home orders. Bauer sought coverage for the cancelled flight under the insurance policies. The insurers denied Bauer's claim under one policy, and because the policies had the same relevant provisions and his claim involved the same underlying facts, Bauer alleged in his complaint that the insurers were likely to also deny his claim under the other policy. The insurers asserted that, among other reasons, Bauer's cancellation was not covered under the policies because the policies exclude coverage for losses caused by an epidemic.

Bauer brought a class action complaint based on diversity jurisdiction against the insurers, seeking to represent a nationwide class of people whose trips were cancelled because of COVID-19 stay-at-home orders and who were not paid by these

---

[1]The Honorable Douglas Harpool, United States District Judge for the Western District of Missouri.

insurers.  *See* 28 U.S.C. § 1332(d).  Bauer alleged the insurers both breached their contracts and committed bad faith refusal to pay.  He also sought a declaratory judgment stating the policies provide coverage for cancelled trips because of the stay-at-home orders.

The insurers moved to dismiss Bauer's complaint in its entirety for failure to state a claim and for lack of personal jurisdiction.  They also moved to strike non-resident insureds and policyholders from the proposed class.  The district court, persuaded by the insurers' argument the policies excluded coverage from any loss resulting from an epidemic, granted the insurers' motion to dismiss all Bauer's claims under Federal Rule of Civil Procedure 12(b)(6).  With the complaint dismissed, the district court did not address the insurers' other motions.  Bauer appeals the dismissal.

## II.  Analysis

We review dismissals under Rule 12(b)(6) de novo.  *Doe v. N. Homes, Inc.*, 11 F.4th 633, 637 (8th Cir. 2021).  To survive a Rule 12(b)(6) motion, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Schulte v. Conopco, Inc.*, 997 F.3d 823, 825 (8th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (cleaned up).  We accept "the facts alleged in the complaint as true and draw[] all reasonable inferences in favor of the nonmovant." *Pietoso, Inc. v. Republic Servs., Inc.*, 4 F.4th 620, 622 (8th Cir. 2021).

Because we are sitting in diversity, we apply state substantive law to interpret the insurance policies.  *Burger v. Allied Prop. & Cas. Ins. Co.*, 822 F.3d 445, 447 (8th Cir. 2016).  It is undisputed that Missouri law governs these policies.  "Under Missouri law, general rules of contract interpretation govern the interpretation of insurance policies.  Policy terms are given the meaning which would be attached by an ordinary person of average understanding if purchasing insurance." *Westchester*

*Surplus Lines Co. v. Interstate Underground Warehouse & Storage, Inc.*, 946 F.3d 1008, 1010 (8th Cir. 2020) (citations and internal quotation marks omitted).

The key "issue in interpreting contract language is determining whether any ambiguity exists, which occurs 'whe[n] there is duplicity, indistinctness, or uncertainty in the meaning of the words used in the contract.'" *Vogt v. State Farm Life Ins. Co.*, 963 F.3d 753, 763 (8th Cir. 2020) (quoting *Peters v. Emp'rs Mut. Cas. Co.*, 853 S.W.2d 300, 302 (Mo. 1993)), *cert. denied*, 141 S. Ct. 2551 (2021). In the absence of ambiguity, an insurance policy "will be enforced as written absent a statute or public policy requiring coverage." *Id.* (quoting same). If the policy is ambiguous, however, "it will be construed against the insurer." *Id.* (quoting same).

In this appeal, the insurers do not dispute that Bauer was quarantined as required for coverage under the policies. But they argue that Bauer's specific quarantine fell under the policies' epidemic exclusion. In Missouri, "[i]t is the insured's burden to establish coverage under the policy and the insurer's burden to show that an exclusion to coverage applies." *Elec. Power Sys. Int'l, Inc. v. Zurich Am. Ins.*, 880 F.3d 1007, 1009 (8th Cir. 2018). "Missouri courts strictly construe exclusionary clauses against the insurer." *Id.* Here, the insurers meet their burden in showing the exclusion applies.

The policies' exclusionary provision provides:

> This *policy* does not provide coverage for any loss that results directly or indirectly from any of the following general exclusions if they affect *you*, a *traveling companion*, or a *family member*.

One such "general exclusion" is an "epidemic." Because the insurers establish that COVID-19 constitutes an epidemic under the policies, that Bauer's flight cancellation resulted from the epidemic, and that the epidemic "affected" Bauer, we hold the exclusion applies.

First, COVID-19 is an epidemic under the policies. The policies define an "epidemic" as:

> A contagious disease that spreads rapidly and widely among the population in an area and which is recognized as an epidemic by the World Health Organization (WHO) or Centers for Disease Control and Prevention (CDC).

Neither party disputes COVID-19 is a contagious disease that spreads rapidly and widely among the population in an area. And the insurers showed that WHO recognized COVID-19 as an epidemic.

The insurers introduced an exhibit depicting WHO's website and showing WHO had published COVID-19 on its list of pandemic or epidemic diseases, though the list did not specify under which term WHO was characterizing COVID-19. Although WHO has updated its website since this exhibit was introduced, and this specific webpage no longer exists, Bauer does not dispute that the exhibit accurately shows that WHO characterized COVID-19 on its list of pandemic or epidemic diseases. Given these facts, we find that WHO recognized COVID-19 as a pandemic or an epidemic by including it on this list.

We reject Bauer's argument that consideration of this website is improper here. We may consider items subject to judicial notice in connection with a Rule 12(b)(6) motion to dismiss. *Miller v. Redwood Toxicology Lab'y, Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012). As relevant here, an item may be judicially noticed when it "is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). That WHO recognized COVID-19 as either a pandemic or an epidemic, based on WHO's website listing COVID-19 as such, is a fact subject to judicial notice.

And whether WHO recognized COVID-19 as a "pandemic," rather than an "epidemic," makes no difference. The noun "pandemic" refers to "a pandemic

outbreak of a disease." *Pandemic*, *Merriam-Webster's Collegiate Dictionary* (11th ed. 2014). When used as an adjective as in this definition, "pandemic" means "occurring over a wide geographic area and affecting an exceptionally high proportion of the population." *Id.* In its frequently asked questions section for the term "pandemic" on its website, Merriam-Webster's Online Dictionary states that "[a] pandemic is a kind of epidemic: one which has spread across a wider geographic range than an epidemic, and which has affected a significant portion of the population." *See Pandemic*, *Merriam-Webster's Online Dictionary*, https://www.merriam-webster.com/dictionary/pandemic (last accessed Feb. 4, 2022). Because a pandemic is a kind of epidemic, it does not matter whether WHO recognized COVID-19 as a pandemic or an epidemic.

We reject Bauer's argument that the term "recognize" should be interpreted more technically. As relevant here, to "recognize" is "to acknowledge or take notice of in some definite way[.]" *Recognize*, *Merriam-Webster's Collegiate Dictionary*. Here, WHO acknowledged COVID-19 as a pandemic, implicitly acknowledging its simultaneous status as an epidemic.

That the term "recognize" also means "to acknowledge formally," a definition arguably not satisfied here, does not matter. *See id.* When parties use a policy term with multiple and non-exclusive definitions, as here, they "show that the term is broad[.]" *Taylor v. Bar Plan Mut. Ins. Co.*, 457 S.W.3d 340, 346 (Mo. 2015). In such a case, the term may be satisfied by meeting either definition if an ordinary person of average understanding would interpret it that way. *Westchester Surplus*, 946 F.3d at 1010; *see Taylor*, 457 S.W.3d at 346 (holding that a reasonable attorney would understand a "loan" to be an investment in certain cases because "an investment is *both* an outlay of funds with the expectation that some income or profit will result *and* a purchase with the expectation of receiving a benefit").

We conclude that an ordinary person of average understanding reading the policy terms here would deduce that WHO "recognized" COVID-19 as either a

pandemic or an epidemic by including COVID-19 on its list of pandemic or epidemic diseases. This requirement in the policy is satisfied.

Second, we conclude both that Bauer's flight cancellation resulted from the COVID-19 epidemic and that the epidemic affected Bauer. We initially reject Bauer's argument that the term "affect," as used in the policies, is ambiguous. To affect something means "to produce an effect upon." *Affect*, *Merriam-Webster's Collegiate Dictionary*. Bauer counters that the term "affect" is still ambiguous because it does not specify how close the cause and effect must be. While this term may be ambiguous in other contexts, we do not find it ambiguous here. *Cf. Abbott Lab'ys v. United States*, 573 F.3d 1327, 1331 (Fed. Cir. 2009) (finding use of the term "affect" in a federal regulation ambiguous when it "might conceivably cover a limitless range of effects").

Though "affect" has a broad definition, "broad meanings do not necessarily create ambiguity[.]" *Taylor*, 457 S.W.3d at 346 (quoting *Bar Plan Mut. Ins. Co. v. Chesterfield Mgmt. Assocs.*, 407 S.W.3d 621, 629 (Mo. Ct. App. 2013)). Instead, "there is often a deliberate purpose in using a word with a broad meaning . . . in a contract, namely to achieve a broad purpose." *Id.* (quoting same). Based on the policies' plain language here, the parties contemplated a broad purpose.

As Bauer admits in his complaint, the many stay-at-home orders were issued to slow the spread of COVID-19, causing him to quarantine and cancel his trip. The orders, while a reaction to the epidemic rather than the epidemic itself, are not so unrelated or independent that we can conclude the COVID-19 epidemic did not affect Bauer. Nor can we conclude Bauer's flight cancellation did not result from the COVID-19 epidemic.

We reject Bauer's assertion that the policies required him to have been infected with COVID-19 to be affected by it. While infection is certainly a kind of effect, the term "affect" is not bound to that narrow scope. Indeed, when the

-7-

contractual parties elsewhere sought to condition a provision on a requirement that an individual become ill, they did so expressly.

For similar reasons, we reject Bauer's argument that Missouri's concurrent proximate cause rule applies here. This rule "states that 'an insurance policy will be construed to provide coverage where an injury was proximately caused by two events—even if one of these events was subject to an exclusion clause—if the differing allegations of causation are independent and distinct.'" *Taylor*, 457 S.W.3d at 347 (quoting *Intermed Ins. Co. v. Hill*, 367 S.W.3d 84, 88 (Mo. Ct. App. 2012)). For this "rule to apply, the injury must have resulted from a covered cause that is truly independent and distinct from the excluded cause." *Id.* at 348 (internal quotations omitted). Bauer asks us to conclude that his quarantine, which arose from the stay-at-home orders, was truly independent and distinct from the COVID-19 epidemic. We disagree. The concurrent proximate cause rule does not apply here.

## III. Conclusion

Bauer's flight cancellation caused by the government's stay-at-home orders fell under his travel insurance policies' epidemic exclusion. We thus affirm the district court's judgment dismissing Bauer's complaint for failure to state a claim in its entirety.

_____